UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

**DECISION AND ORDER**
12-CR-45S

v.

JORDAN ALI,

Defendant.

---

On September 30, 2013, defendant Jordan Ali ("Ali") filed a supplemental motion to suppress and to obtain discovery materials. (Dkt. No. 138.) Ali did so through his new counsel, Kevin Spitler, who had requested time to review the case and to assess the need for any motions that he considered necessary. (*See* Dkt. Nos. 128, 129.) Ali's latest motion contains three categories of requests. Ali seeks a hearing on the admissibility of certain statements that he made to law enforcement upon his arrest on January 31, 2012; he claims that the statements are inadmissible because law enforcement continued to question him after he unequivocally and continuously requested counsel. Ali seeks a hearing also for the admissibility of evidence seized from his residence in Arizona; he claims that the application for the search warrant contained the supposedly coerced statements from him and mentioned falsely that he consented to a search, thereby misleading the issuing judge. Finally, Ali requests a hearing to determine what other discovery the Government must provide.

The Government responded to Ali's supplemental motion on October 11, 2013. (Dkt. No. 142.) The Government disputes Ali's assertion that he made an unequivocal request for counsel but consents to a hearing on that issue. The Government did not explicitly address the search warrant and how it issued. As for Ali's discovery demands, the Government chose to rest on its responses to Ali's previous omnibus motions (Dkt. No. 88).

At oral argument on October 17, 2013, Ali clarified that he signed consent forms but under coercion, and later revoked them. The Government addressed the issue of the search warrant by noting that the application for the warrant stated that Ali withdrew consent. The Government thus argues that the Magistrate Judge in Arizona who issued the search warrant did not do so based on any materially false or misleading information. The Court reserved decision on Ali's request for a hearing but, as a placeholder, set November 4, 2013 at 11:00 AM as the date and time for any hearing that would occur.

Having reviewed the motion papers and the overall record, the Court grants part of Ali's request. Ali's new counsel has not acknowledged that prior counsel filed omnibus pretrial motions (Dkt. No. 85) that the Court already has addressed (Dkt. No. 110). New counsel has not explained in the pending motion what discovery issues remain pending that the Court did not address before. Consequently, the Court denies the portion of Ali's motion concerning discovery

issues, but without prejudice to refile with a more specific explanation of what issues remain that the Court has not addressed.

As for a hearing, the Court confirms that it will hold a hearing on November 4, 2013 at 11:00 AM. The issues for the hearing are somewhat intertwined. The Government has consented to a hearing regarding statements, and Ali has asserted that any statements that he made to law enforcement were coerced. Ali's assertion, though somewhat conclusory, would suffice for a hearing. *Cf. U.S. v. Mathurin*, 148 F.3d 68, 69 (2d Cir. 1998) ("An assertion that *Miranda* warnings were not given, when the government asserts the contrary, thus creates a specific factual dispute. That dispute cannot properly be resolved without an evidentiary hearing."); *accord U.S. v. Nelson*, 193 Fed. App'x 47, 49, 2006 WL 2335222, at *1 (2d Cir. Aug. 10, 2006) (unpublished decision) ("Here, Nelson's sworn affidavit, in which he stated that neither he nor the other person in the apartment, Gloria Madden, 'gave the police permission or authority to search our apartment,' sufficed to put into question the Government's contention that investigators (who admittedly were authorized by neither a warrant nor exigent circumstances) had valid consent to search."). Additionally, Ali has asserted that coerced statements and improper consents affected the issuance of the search warrant in question. The Court will allow Ali to pursue those assertions at the hearing. The parties thus should prepare to address the following issues at the hearing:

- Whether and when Ali requested counsel, and how he expressed to the request;

- Whether Ali provided valid consent to search his residence;

- Whether the issuance of the search warrant rested on intentionally or recklessly false or misleading information; and

- Any other issues that the parties may wish to explore that are referenced in the motion papers and consistent with this Decision and Order.

**CONCLUSION**

The Court grants Ali's motion (Dkt. No. 138) in part to grant a hearing as explained above.

SO ORDERED.

__/s Hugh B. Scott________
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: October 24, 2013